STEAGALL, Justice.
The trial court granted directed verdicts in favor of defendant, Omaha Indemnity Company (“Omaha”), on a claim for bad faith failure to pay a claim and a claim for breach of contract. Thereafter, plaintiff, Abdighasem Zahedian Fard, filed a motion for new trial, which was deemed denied by the expiration of 90 days without a ruling by the trial court. See Rule 59.1, A.R. Civ.P. Fard appeals and we affirm.
On March 23, 1983, the house owned by Fard burned. He had previously been issued a homeowner’s policy by Omaha. The day after the fire, Fard notified Omaha of the loss and later filled out a proof of loss form. Omaha made an investigation and denied the claim.

The Bad Faith Claim

Because we conclude that Omaha was entitled to a directed verdict on the contract claim, we further conclude that, under the rule of National Sav. Life Insurance Co. v. Dutton, 419 So.2d 1357 (Ala.1982), the bad faith claim necessarily fails. See, also, Insurance Company of North America v. Citizensbank of Thomasville, 491 So.2d 880, 883 (Ala.1986).

The Contract Claim

Fard argues that the evidence in this case presented a jury question on the contract claim. He argues that the contract of insurance was ambiguous and that the question of whether there was an increase *221 in the insurer’s risk, as well as the question of materiality regarding the application, was a question that should have been submitted to the jury. It is true, of course, that any issue of material fact will defeat a motion for directed verdict; however, where the substantive law, when applied to undisputed facts, gives rise to a legal defense to the claim, directed verdict is appropriate.
The standard of review of a directed verdict is set forth in Moseley v. Washington County State Bank, 491 So.2d 229, 231 (Ala.1986), as follows:
“A motion for directed verdict is tested against the scintilla rule, which requires that a question go to the jury if the evidence» or any reasonable inference arising therefrom furnishes the smallest trace or scintilla in support of the theory of the complaint. Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975). The appellate court, also guided by the scintilla rule, determines whether there was sufficient evidence below to produce a conflict warranting jury consideration. Baker v. Chastain, 389 So.2d 932 (Ala.1980). Like the trial court, the appellate court must view all the evidence in the light most favorable to the non-moving party. Ritch v. Waldrop, 428 So.2d 1 (Ala.1982). Whether the scintilla rule requires that a given case go to the jury is dependent upon the substantive law. Taylor, supra.”
Code of Alabama 1975, § 27-14-7, provides as follows:
“(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
“(1) Fraudulent;
“(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
“(3) The insurer, in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
“(b) No plea of misrepresentation or fraud in connection with the issuance of a life insurance policy or annuity contract shall be filed unless accompanied by a payment into court of all premiums paid on the policy or contract. (Code 1940, T. 28, § 6; Acts 1971, No. 407, p. 707, § 320.)”
This statute was construed in National Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357, 1361 (Ala.1982), as follows:
“Construing the predecessor to § 27-14-7, this Court in New York Life Ins. Co. v. Horton, 235 Ala. 626 at 630, 180 So. 277 at 280-81 (1938), commented:
“ ‘It will be noticed, as often heretofore pointed out in our decisions, that the statute is in the alternative, “unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss.” If the misrepresentation falls within the second alternative, then it is not necessary that it be “made with actual intent to deceive.” In fact, under the second alternative, the party making the representation may be wholly unaware that he is misrepresenting the true facts, and may be wholly innocent of any bad motive. In such case, intent or motive is not a material inquiry.’ (Citations omitted [in Dutton ].)
“It was unnecessary, therefore, for plaintiff to have provided incorrect information with an intent to deceive. If she innocently made an incorrect statement that was material to acceptance of the risk, or would have caused National, in good faith, not to have issued the policy *222 as it did, then National could have denied her claim and voided her policy.”
The evidence in this case discloses that Fard omitted pertinent information in his application for insurance. He did not disclose that he had had eight or nine “insurable” losses in his business prior to submitting the application.
The testimony of the underwriting manager for Omaha further established that if the true facts concerning Fard’s prior losses had been made known to Omaha, as required by the application, then Omaha, in good faith, would not have issued a policy to Fard. The testimony of this witness further established that the omissions made by Fard in his application were material to Omaha in its decision to accept or reject this risk.
We therefore conclude that the trial court was correct in granting the motion for directed verdict as to the contract claim.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.